IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALCOLM WIGGINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 19 C 8101 |
| | ) |
| CHRISTINE BRANNON, | ) Judge John Z. Lee |
| Acting Warden, Hill Correctional | ) |
| Center,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Decades ago, the Circuit Court of Cook County convicted Malcolm Wiggins of attempted first-degree murder, home invasion, and armed robbery. Now before the Court is Wiggins's *pro se* habeas corpus petition challenging those convictions. *See* 28 U.S.C. § 2254. Because the filing period has expired, the petition is denied.

### I. Background[2]

One morning in 1991, 83-year-old Clyde Crainich was returning to his apartment when a stranger accosted him at knifepoint. Resp't's Ex. A, *Illinois v.*

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that the proper respondent to a petition brought by an incarcerated petitioner is the officer having custody of the petitioner. Because Christine Brannon has replaced Christopher McLaughlin as Acting Warden of Hill Correctional Center, the Court substitutes her as Respondent in accordance with Federal Rule of Civil Procedure 25(d).

[2] This background draws on factual findings made by the state courts. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus made by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.").

1

*Wiggins*, No. 1-92-1326, slip op. at 1 (Ill. App. Ct.), ECF No. 28-1. The assailant bound Crainich, robbed him, and then slit his throat and right wrist. *Id.* Somehow, Crainich survived the attack. *Id.* at 7.

When Chicago Police Department ("CPD") detectives presented Crainich with pictures of possible suspects, he identified Wiggins as his attacker. *Id.* Investigators promptly issued a "stop order" directing any police officer who encountered Wiggins to detain him. *Id.* Several months later, officers arrested Wiggins for an unrelated drug offense and turned him over to the detectives charged with finding Crainich's assailant. *Id.*

A jury subsequently convicted Wiggins of attempted first-degree murder, home invasion, and armed robbery. *Id.* at 8. When Wiggins appealed, the Illinois appellate court affirmed the conviction. *Id.* at 28. Wiggins then asked the Illinois Supreme Court for leave to appeal, but it refused. *See Illinois v. Wiggins*, 671 N.E.2d 742 (Ill. 1996) (Table). Finally, the United States Supreme Court denied Wiggins's petition for a writ of certiorari on March 17, 1997. *See Wiggins v. Illinois*, 520 U.S. 1124 (1997).

His direct appeals exhausted, Wiggins next pursued state post-conviction relief. *See* 735 Ill. Comp. Stat. 5/122-1 *et seq*. The Circuit Court of Cook County rejected his request. *See* Resp't's Ex. E, 2/18/97 Order, *Illinois v. Wiggins*, No. 91 CR 27114 (Cir. Ct. Cook Cty.), ECF No. 28-5. Afterwards, Wiggins missed the deadline to file a notice of appeal, and the Illinois appellate court refused to permit him to submit an untimely notice. *See* Resp't's Ex. G, 12/15/97 Order, *Illinois v.*

2

*Wiggins*, No. 1-97-4369 (Ill. App. Ct.), ECF No. 28-7. Over the years, Wiggins made several other attempts to secure collateral relief in state court, but none succeeded. *See, e.g.*, Resp't's Ex. I, 10/26/00 Order, *Illinois v. Wiggins*, No. 91 CR 27114 (Cir. Ct. Cook Cty.), ECF No. 28-9; Resp't's Ex. J, 12/26/02 Order, *Illinois v. Wiggins*, No. 1-00-4083 (Ill. App. Ct.), ECF No. 28-10; Resp't's Ex. O, 6/21/19 Order, *Illinois v. Wiggins*, No. 1-17-2321 (Ill. App. Ct.), ECF No. 28-15.

More than two decades after the United States Supreme Court denied certiorari, Wiggins filed a § 2254 petition before the Central District of Illinois. *See generally* § 2254 Pet., ECF No. 1. In that petition, Wiggins argues that the CPD's stop order violated his rights under the Fourth Amendment of the United States Constitution.[3] *Id.* at 7. Because Wiggins was convicted in Cook County, the Central District transferred his petition to this Court. *See* 12/16/19 Order, ECF No 6.

## II. Analysis

The key issue here is whether Wiggins's petition is time-barred. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody." 28 U.S.C. § 2244(d)(1). The filing period usually starts on "the date on which the judgment became final by the conclusion of direct review." *Id.* § 2244(d)(1)(A). Still, the "one-year period is statutorily tolled for the time during

---

[3] Wiggins also asserts that the stop order ran afoul of the Illinois Constitution. *See* Pet'r's Reply at 3–4, ECF No. 30 (citing *Illinois v. Bass*, 144 N.E.3d 542, 547 (Ill. App. Ct. 2019)). That argument cannot go forward, however, because "errors of state law are not cognizable on habeas review." *Arnold v. Dittman*, 901 F.3d 830, 835 (7th Cir. 2018) (citing 28 U.S.C. § 2254(a)).

3

which a properly filed application for State post-conviction or other collateral review . . . is pending." *Carpenter v. Douma*, 840 F.3d 867, 869 (7th Cir. 2016) (citing 28 U.S.C. § 2244(d)(2)).

A straightforward application of these principles shows that Wiggins's petition is untimely. The filing period here began to run on March 16, 1997, when the Supreme Court denied certiorari. *Wiggins v. Illinois*, 520 U.S. 1124 (1997). Over two decades passed before Wiggins filed his § 2254 petition. *See* § 2254 Petition at 1. In the interim, Wiggins dispatched several petitions for state post-conviction relief. *See* Resp. at 3, ECF No. 27 (collecting state court orders rejecting those petitions). But those actions failed to toll the limitations clock for anywhere near long enough to make the § 2254 petition timely, and Wiggins does not argue otherwise. *See* Pet'r's Reply at 3.

Instead, Wiggins maintains that the filing period began in 2019, when he received the "stop order police report." *Id.* at 3, 5; *see* Pet'r's Ex. A, Police Report at 1–2, ECF No. 30. It is true that the clock does not start ticking until "the factual predicate of [a] claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). As the Government points out, however, Wiggins has known about the stop order since his 1992 trial. *See Wiggins*, No. 1-92-1326, slip op. at 7. In fact, the record from Wiggin's direct appeal contains a version of the police report that he claims not to have examined. *See* Resp't's Ex. P, Direct Appeal R. at 7, ECF No. 28-16. Because Wiggins could have discovered "the factual

4

predicate" of his claim decades ago, the limitations period ended well before he submitted this petition. 28 U.S.C. § 2244(d)(1)(D).

The same logic explains why equitable tolling does not excuse Wiggins's delay. Generally, "[a] petitioner is entitled to equitable tolling only if he can show both that extraordinary circumstances prevented him from timely filing and that he has been diligently pursuing his rights." *Conroy v. Thompson*, 929 F.3d 818, 820 (7th Cir. 2019) (citation omitted). But Wiggins fails to highlight any barriers— extraordinary or otherwise—that prevented him from accessing the police report. And again, the record confirms that a version of that report has been readily available to him for years. *See* Direct Appeal R. at 1, 7. It follows that Wiggins's petition is time-barred.

### III. <u>Conclusion</u>

For the reasons given above, the petition is denied. The Court declines to issue a certificate of appealability because Wiggins has not made a "substantial showing of the denial of a constitutional right" such that reasonable jurists could debate this Court's resolution of the case. 28 U.S.C. § 2253(c)(2); *Sanchez-Rengifo v. Caraway*, 789 F.3d 532, 535–36 (7th Cir. 2015) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)). This case is terminated.

**IT IS SO ORDERED**                ENTER: 6/23/20

*[signature: John Z. Lee]*

**JOHN Z. LEE**
**United States District Judge**